UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

THIRTY TWENTY N. ARNOULT ROAD,          CIVIL ACTION
L.L.C.

VERSUS                                                           NO. 11-1635

MICROS SYSTEMS INC. OF MARYLAND         SECTION "F"

ORDER & REASONS

Before the Court is the plaintiff's motion to remand.  For the following reasons, the motion is GRANTED.

**Background**

Thirty Twenty N. Arnoult Road, LLC sued Micro Systems, Inc. in the 24th Judicial District Court for the Parish of Jefferson for breach of contract based on the defendant's alleged failure to make certain repairs.  The plaintiff claims $66,827.90 in damages and also seeks attorney's fees.  Contending that amount in controversy exceeds $75,000 in light of the plaintiff's request for attorney's fees, the defendant timely removed on the basis of diversity jurisdiction.  Plaintiff disagrees, and now seeks remand.[1]

**Law & Analysis**

I.

For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that

---

[1] Neither party disputes that complete diversity is present: the plaintiff is a resident of Louisiana, and the defendant is a resident of Maryland.

1

all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied" including that the minimum amount in controversy exceed $75,000.  Smallwood v. Ill. Cent. R.R. Co., Inc., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).  In evaluating the jurisdictional amount, the Court may consider a claim for attorney's fees, so long as such a claim has a basis under the law. See Foret v. Southern Farm Bureau Life Ins. Co., 918 F.2d 534 (5th Cir. 1990).

But, removal "'cannot be based simply upon conclusory allegations.'"  Felton v. Greyhound Lines, Inc., 324 F.3d 771, 774 (5th Cir. 2003) (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).  If any doubt remains as to jurisdiction, the Court should construe ambiguities against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), and remand.  York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

## II.

Here the defendant asserts that the jurisdictional minimum is met because the plaintiff seeks attorney's fees.  But the defendant's claim is deficient in two respects.  First, the defendant fails to show that the plaintiff is conceivably entitled to attorney's fees under the law.  Without such a basis, the Court cannot include the theoretical attorney's fees in its jurisdiction

calculus.

Second, the defendant fails to support its assertions that attorney's fees would raise the jurisdictional amount in controversy to at least $75,000 with anything other than conclusory allegations.  The defendant merely states the type of activities within this case for which the plaintiff could seek attorney's fees without explaining the fees associated with each type of activity.

For example, the defendant limply asserts that "a case that will involve reasonable discovery will likely result in attorneys' fees incurred that will exceed $8,200" and "it is reasonable to expect that in this case there will be at least two depositions" and "[t]here will necessarily be some written discovery."  And, the defendant offers that "through application of typical attorney fee rates in the current market, the amount of such fees will likely exceed $8,200."  But the defendant does not explain what typical fee rates are for this market; nor does it explain with any specificity what an expected fee award could be in a case such as this one.  It merely asks the Court to accept its speculation as sufficient basis to maintain jurisdiction.  Id. at 774.  The defendant has not met its burden.

With doubts remaining as to jurisdiction due to the inadequate briefing before it, the Court construes, as it must, ambiguities against removal, Butler, 592 F.2d at 1296, and remands. York, 712 F. Supp. at 87; see also Sheets, 313 U.S. 100.

IT IS ORDERED: The motion is GRANTED.  The case is REMANDED to the 24th Judicial District of the Parish of Jefferson.

New Orleans, Louisiana, September 1, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE